UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

BALBID DHILLAN, doing business as MAXIM'S RESTAURANT,

    Plaintiff,

  v.

THE CITY OF STOCKTON,

    Defendant.

No. 2:09-cv-01469-FCD(MCE)-DAD

MEMORANDUM AND ORDER

----oo0oo----

    Presently before the Court is Plaintiff's Motion for Temporary Restraining Order ("TRO") through which Plaintiff seeks an order directing Defendant City of Stockton to refrain from enforcing, applying, or otherwise giving any legal effect to Defendant's requirement of a use permit for live entertainment.

    By way of the instant action, Plaintiff challenges the Stockton City Council's decision to uphold the denial of his application for a use permit that would have allowed him to provide live musical entertainment at his waterfront restaurant. The Court heard oral argument from the parties on Friday, May 29, 2009, at 2:30 p.m.

1

In open court and on the record, the Court granted Plaintiff's request for injunctive relief and ordered Plaintiff's temporary use permit reinstated until the date of the hearing on Plaintiff's Motion for Preliminary Injunction, June 8, 2009.

**STANDARD**

Certain prerequisites must be satisfied prior to issuance of a temporary restraining order. See Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers, 415 U.S. 423, 439 (1974) (stating that the purpose of a TRO is "preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing [on the preliminary injunction application], and no longer"). In order to warrant issuance of such relief, Plaintiffs must demonstrate either: 1) a combination of probable success on the merits and a likelihood of irreparable injury; or 2) that serious questions are raised and the balance of hardships tips sharply in favor of granting the requested injunction. Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc., 240 F.3d 832, 839-40 (9th Cir. 2001); Winter v. Natural Resources Defense Council, 129 S. Ct. 365, 375 (2008) (likelihood rather than possibility of success on the merits required for issuance of preliminary injunctive relief). These two alternatives represent two points on a sliding scale, pursuant to which the required degree of irreparable harm increases or decreases in inverse correlation to the probability of success on the merits.

///

Roe v. Anderson, 134 F.3d 1400, 1402 (9th Cir. 1998); United States v. Nutri-cology, Inc., 982 F.2d 394, 397 (9th Cir. 1992).

**ANALYSIS**

**1.   Irreparable Harm**

Plaintiff challenges certain provisions of the Stockton Municipal Code as unconstitutional. Specifically at issue are provisions governing the issuance of use permits for entertainment. According to Plaintiff, those ordinances governing the issuance of such permits impose an unconstitutional prior restraint on Plaintiff's chosen form of expression, which consists of live musical entertainment at his restaurant. The United States Supreme Court has made clear that music is expression protected by the First Amendment. See Ward v. Rock Against Racism, 491 U.S. 781, 790 (1989). Loss of such protected "...First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." Elrod v. Burns, 427 U.S. 347, 373 (1976).

**2.   Likelihood of Success**

Plaintiff argues, *inter alia*, that Defendant's Municipal Code is unconstitutional on its face. That code provides, in pertinent part, that prior to the issuance of Use Permits, the following findings shall be made:
///

>  The proposed use would maintain or strengthen the
>  integrity and character of the neighborhood and zoning
>  district in which it is to be located;
>
>  ...
>
>  The establishment, maintenance, or operation of the
>  proposed use at the location proposed and for the time
>  period(s) identified, if applicable, would not
>  endanger, jeopardize, or otherwise constitute a hazard
>  to the public convenience, health, interest, safety, or
>  general welfare of persons residing or working in the
>  neighborhood of the proposed use.

Stockton, Cal., Municipal Code, ch. 16, § 16-575.050.

Pursuant to <u>Shuttlesworth v. City of Birmingham, Ala.</u>, 394 U.S. 147 (1969), and its progeny, the City of Stockton's ordinance, as presently written, is very likely unconstitutional. In <u>Shuttlesworth</u>, the United States Supreme Court struck down a virtually identical ordinance, stating:

> There can be no doubt that the...ordinance, as it was
> written, conferred upon the City Commission virtually
> unbridled and absolute power to prohibit any 'parade,'
> 'procession,' or 'demonstration' on the city's streets
> or public ways.  For in deciding whether or not to
> withhold a permit, the members of the Commission were
> to be guided only by their own ideas of 'public
> welfare, peace, safety, health, decency, good order,
> morals or convenience.'  This ordinance as it was
> written, therefore, fell squarely within the ambit of
> the many decisions of this Court over the last 30
> years, holding that a law subjecting the exercise of
> First Amendment freedoms to the prior restraint of a
> license, without narrow, objective, and definite
> standards to guide the licensing authority, is
> unconstitutional.  'It is settled by a long line of
> recent decisions of this Court that an ordinance which,
> like this one, makes the peaceful enjoyment of freedoms
> which the Constitution guarantees contingent upon the
> uncontrolled will of an official - as by requiring a
> permit or license which may be granted or withheld in
> the discretion of such official - is an
> unconstitutional censorship or prior restraint upon the
> enjoyment of those freedoms.

<u>Id.</u> at 150-151 (internal citations omitted).

4

Thus, in light of established Supreme Court precedent, Plaintiff has adequately demonstrated a likelihood of success on the merits of his facial challenge. See also, Diamond v. City of Taft, 29 F. Supp. 2d 633 (E.D. Cal. 1998).

Moreover, Plaintiff's as-applied challenge to the ordinance is equally likely to succeed. Defendant, through its various city council members, made clear during a public hearing that, despite the fact that the Planning Commission staff had no opposition to issuance of the permit and despite the fact that the City Police were neutral on whether the permit should issue, the requested use permit would not issue. The City Council based its decision to uphold denial of the use permit upon, *inter alia*: 1) the specific type of musical entertainment Plaintiff anticipated to provide; 2) the neighbors' objections to the "element" that were expected be drawn to the establishment; and 3) Defendant's apparent lack of trust in Plaintiff as an owner and operator of the existing establishment. Such reasoning by the City Council can hardly be deemed "content-neutral." See City of Renton v. Playtime Theatres, Inc., 475 U.S. 41, 46-47 (1986) ("This Court has long held that regulations enacted for the purpose of restraining speech on the basis of its content presumptively violate the First Amendment.").

Consequently, for purposes of the instant Motion, because the ordinance at issue is vague and because, in this case it was improperly applied, Plaintiff is likely to succeed on the merits of his claim.

///
///

**CONCLUSION**

To preserve the status quo until the time for hearing on Plaintiff's Motion for Preliminary Injunction, the Court orders that Plaintiff's previously issued temporary use permit be reinstated until June 8, 2009. The hearing on Plaintiff's Motion for Preliminary Injunction is hereby scheduled at 2:00 p.m. on Monday, June 8, 2009, in Courtroom 7 before Judge Morrison C. England, Jr. Plaintiff's Motion shall be filed not later than June 2, 2009, and Defendant's Opposition shall be filed not later than June 4, 2009. Any Reply shall be filed not later than June 5, 2009.

IT IS SO ORDERED.

Dated: May 29, 2009

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE