UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

BALBID DHILLAN, doing business as MAXIM'S RESTAURANT,

    Plaintiff,

v.

THE CITY OF STOCKTON,

    Defendant.

No. 2:09-cv-01469-MCE-DAD

MEMORANDUM AND ORDER

By way of the instant action, Plaintiff brings a facial challenge to City of Stockton Municipal Code § 16-575-050A. Presently before the Court is Plaintiff's Motion for Permanent, or alternatively, Preliminary, Injunction, through which Plaintiff seeks an order directing Defendant City of Stockton to refrain from enforcing, applying, or otherwise giving any legal effect to the municipal code section requiring individuals to obtain a use permit as a prerequisite to providing live entertainment. The Court heard oral argument from the parties on Monday, June 8, 2009, at 2:00 p.m. and, in open court and on the record, granted Plaintiff's Motion in part.

1

**STANDARD**

A preliminary injunction is an extraordinary remedy, and Plaintiff has the burden of proving the propriety of such a remedy by clear and convincing evidence. See <u>Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers</u>, 415 U.S. 423, 442 (1974). In order to warrant issuance of such relief, Plaintiff must demonstrate either: 1) a combination of probable success on the merits and a likelihood of irreparable injury; or 2) that serious questions are raised and the balance of hardships tips sharply in favor of granting the requested injunction. <u>Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.</u>, 240 F.3d 832, 839-40 (9th Cir. 2001); <u>Winter v. Natural Resources Defense Council</u>, 129 S. Ct. 365, 375 (2008) (likelihood rather than possibility of success on the merits required for issuance of preliminary injunctive relief). These two alternatives represent two points on a sliding scale, pursuant to which the required degree of irreparable harm increases or decreases in inverse correlation to the probability of success on the merits. <u>Roe v. Anderson</u>, 134 F.3d 1400, 1402 (9th Cir. 1998); <u>United States v. Nutri-cology, Inc.</u>, 982 F.2d 394, 396 (9th Cir. 1992). Under either formulation of the test for granting injunctive relief, however, Plaintiff must demonstrate a significant threat of irreparable injury. <u>Oakland Tribune, Inc. v. Chronicle Publ. Co.</u>, 762 F.2d 1374 (9th Cir. 1985).

///
///
///

**ANALYSIS**

**1.     Irreparable Harm**

Plaintiff has adequately convinced the Court that this case implicates critical First Amendment interests and that, absent the issuance of injunctive relief, Plaintiff will suffer an unconstitutional prior restraint upon his speech and/or expression.  The challenged provision in this case, Municipal Code § 16-575-050A, governs, *inter alia*, the issuance of use permits to individuals seeking to provide various forms of live entertainment.  Thus, according to Plaintiff, the code section imposes an impermissible prior restraint on Plaintiff's chosen form of expression, which, in this case, consists of live musical entertainment offered at his restaurant.  The United States Supreme Court has made it abundantly clear that music is a form of expression protected by the First Amendment, and that loss of such protected "First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." Ward v. Rock Against Racism, 491 U.S. 781, 790 (1989); Elrod v. Burns, 427 U.S. 347, 373 (1976).

**2.     Likelihood of Success on the Merits**

As above, Plaintiff's likelihood of success on the merits is also dependent upon his ability to show that the challenged portion of the municipal code constitutes an unconstitutional prior restraint on speech and/or expression.
///

Accordingly, this case is not about a particular type of entertainment, or more specifically, loud music and/or crowd control.  Those issues are adequately addressed through, *inter alia*, the California Penal Code and City of Stockton parking, traffic, and noise ordinances.  Rather, this case is specifically limited to a specific ordinance, one which the City of Stockton acknowledges is constitutionally infirm.  The issue this Court is now called upon to resolve is whether it should immediately issue a permanent injunction enjoining enforcement of the ordinance or whether the City should be granted its request for one-hundred twenty (120) days to review and revise the challenged ordinance. The Court appreciates Defendant's candor in acknowledging that the ordinance in question is constitutionally flawed. Nevertheless, this Court finds that, under the circumstances, one hundred twenty (120) days is an excessive amount of time in which to complete the necessary revisions.  Thus, for the following reasons, Plaintiff's request for preliminary injunctive relief is granted in part, but Defendant will be allowed an abbreviated time in which to address those challenged infirmities.

A prior restraint occurs under circumstances in which the licensing regime "gives public officials the power to deny use of a forum in advance of actual expression." Southeastern Promotions, Ltd. v. Conrad, 420 U.S. 546, 553 (1975). "Prior restraints are not unconstitutional per se." Id. at 558 (1975). "Any system of prior restraint, however, 'comes to this Court bearing a heavy presumption against its constitutional validity.'" Id., quoting Bantam Books, Inc. v. Sullivan, 372 U.S. 58, 70 (1963).

4

"[T]he [Supreme] Court has felt obliged to condemn systems in which the exercise of such authority was not bounded by precise and clear standards.  The reasoning has been, simply, that the danger of censorship and of abridgment of our precious First Amendment freedoms is too great where officials have unbridled discretion over a forum's use." Id. at 553.

For similar reasons, "[i]t is well established that in the area of freedom of expression an overbroad regulation may be subject to facial review and invalidation, even though its application in the case under consideration may be constitutionally unobjectionable. This exception from general standing rules is based on an appreciation that the very existence of some broadly written laws has the potential to chill the expressive activity of others not before the court.  Thus, the [United States Supreme] Court has permitted a party to challenge an ordinance under the overbreadth doctrine in cases where every application creates an impermissible risk of suppression of ideas, such as an ordinance that delegates overly broad discretion to the decisionmaker..." Forsyth County, Georgia v. Nationalist Movement, 505 U.S. 123, 129-130 (1992) (internal citations omitted).

"In evaluating [a] facial challenge, [the Court] must consider the [City's] authoritative constructions of the ordinance, including its own implementation and interpretation of it." Id. at 131.

///
///
///

1  However, where, as here, "the parties have offered no judicial or
2  administrative construction of the [ordinance] nor any evidence
3  of well-established practice in applying it," the Court will
4  review the text of the law to determine whether it properly
5  limits governmental discretion.  <u>Diamond v. City of Taft</u>, 29 F.
6  Supp. 2d 633, 648 (E.D. Cal. 1998).

7  In this case, a plain reading of Defendant's ordinance makes
8  clear it is entirely unlikely to pass constitutional muster.
9  Indeed, it tracks almost verbatim the language the United States
10 Supreme Court struck down forty years ago in <u>Shuttlesworth v.
11 City of Birmingham, Ala.</u>, 394 U.S. 147 (1969).  In that case, the
12 Court invalidated a virtually identical ordinance, stating:

> There can be no doubt that the...ordinance, as it was
> written, conferred upon the City Commission virtually
> unbridled and absolute power to prohibit any 'parade,'
> 'procession,' or 'demonstration' on the city's streets
> or public ways.  For in deciding whether or not to
> withhold a permit, the members of the Commission were
> to be guided only by their own ideas of 'public
> welfare, peace, safety, health, decency, good order,
> morals or convenience.'  This ordinance as it was
> written, therefore, fell squarely within the ambit of
> the many decisions of this Court over the last 30
> years, holding that a law subjecting the exercise of
> First Amendment freedoms to the prior restraint of a
> license, without narrow, objective, and definite
> standards to guide the licensing authority, is
> unconstitutional.  'It is settled by a long line of
> recent decisions of this Court that an ordinance which,
> like this one, makes the peaceful enjoyment of freedoms
> which the Constitution guarantees contingent upon the
> uncontrolled will of an official - as by requiring a
> permit or license which may be granted or withheld in
> the discretion of such official - is an
> unconstitutional censorship or prior restraint upon the
> enjoyment of those freedoms.

26 <u>Id</u>. at 150-151 (internal citations omitted).
27 ///
28 ///

6

In strikingly similar language, the City of Stockton Municipal Code § 16-575-050A provides, in pertinent part, that prior to the issuance of live entertainment use permits, the following findings shall be made:

> The proposed use would maintain or strengthen the integrity and character of the neighborhood and zoning district in which it is to be located;
>
> ...
>
> The establishment, maintenance, or operation of the proposed use at the location proposed and for the time period(s) identified, if applicable, would not endanger, jeopardize, or otherwise constitute a hazard to the public convenience, health, interest, safety, or general welfare of persons residing or working in the neighborhood of the proposed use.

This mandatory provision simply and clearly bestows unfettered discretion upon the City to determine who should be able to speak and why.[1]  Thus, under long-standing Supreme Court precedent, Plaintiff is highly likely to succeed on the merits of his facial challenge.

**CONCLUSION**

Accordingly, Plaintiff's Motion for Preliminary Injunction (Docket No. 15) is GRANTED in part.  Plaintiff's current temporary use permit is hereby converted to a permanent use permit in light of this Court's ruling.

///

---

[1] The City's argument that the remainder of § 16-575-050A serves to diminish the discretion afforded through the subsections quoted here is inapposite.  Findings as to each subsection are mandatory, and the existence of the further requirements on which the City relies does not serve to lessen the burden of those at issue here.

7

In addition, in accordance with the voluntary stipulation between the Plaintiff and the City of Stockton in open court, the terms of the use permit are now expanded to allow Plaintiff to provide live entertainment as well as the "DJ" entertainment currently permitted under the temporary use permit.  Plaintiff's now permanent use permit shall continue to allow all entertainment to take place only within the confines of Plaintiff's indoor premises, and the permit shall not be construed to extend to allow "adult-related" uses as that term is used in the City of Stockton Municipal Code.

Defendant is directed to submit electronically to the Court for review and approval its proposed draft revision of the ordinance in question not later than **July 24, 2009.**  Plaintiff may, but is not required to, electronically file any response to the proposed ordinance not later than **July 29, 2009.**

If the City of Stockton fails to submit to the Court the requisite revised ordinance, or if the City submits a revised ordinance that is not approved by the Court, on **August 7, 2009**, this preliminary injunction will automatically convert to a permanent injunction, enjoining the enforcement of Stockton Municipal Code § 16-575.050 as to all live entertainment uses.

IT IS SO ORDERED.

Dated: June 9, 2009

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE